45 F.3d 439
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Samuel CHAPPELL, Petitioner-Appellant,
v.
Lawrence BARRERAS, successor to John Thomas as Warden of New
Mexico State Penitentiary, Respondent-Appellee.
 No. 94-2008.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1994.
 
 Before McWILLIAMS, BARRETT and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Robert Samuel Chappell appeals the dismissal of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. 2254. Petitioner is a prisoner in the New Mexico state system serving a sentence, after a jury trial, on convictions relating to the sale of unlicensed securities, including operating as an unlicensed broker-dealer, sales of unregistered securities, fraudulent securities practices, and fraud. On appeal petitioner alleges that the district court erred in dismissing his petition for procedural default (based on failure to timely seek certiorari of the New Mexico Court of Appeals decision affirming most of the convictions) and in refusing to rule on the merits of his claim of alleged violation of the Interstate Agreement on Detainer (based on delay of his state trial beyond 120 days after he was brought into New Mexico). Petitioner makes various allegations of error in the state court proceedings; but it is clear that his attorney filed his petition for a writ of certiorari to the New Mexico Supreme Court out of time (albeit apparently by only one day) and the New Mexico Supreme Court found a procedural bar to ruling on the merits of petitioner's claims. That court applied the same procedural bar to deny relief on the postconviction proceedings.
 
 
 3
 The magistrate judge, whose Proposed Findings and Recommended Disposition filed October 4, 1993, were adopted by the district court, properly analyzed the issues and correctly applied the rule set out in Coleman v. Thompson, 501 U.S. 722 (1991), determining that petitioner has not shown cause and prejudice or a fundamental miscarriage of justice sufficient to justify a grant of relief. We can add little to its analysis, and therefore affirm the dismissal for substantially the reasons stated in the magistrate judge's recommended disposition.
 
 
 4
 Petitioner's motion for de novo review correctly notes the standard we apply to review the district court's dismissal order, and we therefore grant that portion of petitioner's motion. The petition for writ of mandamus is denied as moot. We have examined the items attached to petitioner's motion for acceptance of exhibits. While we find them to be interesting background, some of those items apparently were not in the record before the district court. Further, they are irrelevant to the determination of this appeal; they do not establish cause for petitioner's failure to file a timely appeal in the state court convictions and they do not establish a fundamental miscarriage of justice. Therefore, we deny the motion to accept those exhibits.
 
 
 5
 AFFIRMED.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470